254 F.3d 1275 (11th Cir. 2001)
 THERATX, INC., Plaintiff-Counter-Defendant-Appellee-Cross-Appellant,
v.
JAMES DUNCAN, TIMOTHY S. SMICK, et al., Defendants-Counter-Claimants-Appellants-Cross-Appellees.
 No. 99-11451
D. C. Docket No. 95-03193-CV-RWS-1
 IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
 June 25, 2001
 
 Appeals from the United States District Court for the Northern District of Georgia
 Before BIRCH, BARKETT and ALARCON*, Circuit Judges.
 BIRCH, Circuit Judge:
 
 
 1
 In TheraTx, Inc. v. Duncan, 234 F.3d 1240 (11th Cir. 2000), we certified the following question to the Supreme Court of Delaware:
 
 
 2
 What is the proper measure of damages when a defendant's contractual obligation to cause a shelf registration, under which plaintiff is entitled to trade a restricted stock, to remain in effect for a specified period of time is breached by defendant's temporary suspension ofplaintiffs' ability to trade the restricted stock?
 
 
 3
 Id. at 1251. After a thorough review of the question, the Supreme Court of Delaware issued the following opinion:
 
 
 4
 Under Delaware law, contract damages caused by the temporary suspension of a shelf registration in violation of the terms of a contract are measured by calculating the difference between (1) the highest intermediate price of the shares during a reasonable time at the beginning of the restricted period and (2) the average market price of the shares during a reasonable period after the restrictions were lifted.
 
 
 5
 Duncan v. TheraTx, Inc., __ A.2d __ (Del. June 1, 2001).
 
 
 6
 Accordingly, we REMAND the to the district court with instructions to enter damages for Duncan, et al., calculated in the manner described by the Supreme Court of Delaware.
 
 
 
 NOTES:
 
 
 *
 Honorable Arthur L. Alarcon, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.